DOUCET, Judge.
MOTION TO DISMISS
On May 23, 1990, this Court issued a rule to show cause to plaintiff-appellant, Christina Prevot, why her above captioned appeal should not be dismissed as being untimely. Finding the appeal to be untimely, we dismiss same.
On December 5, 1985, the plaintiff filed suit against four doctors for alleged medical malpractice. The four defendants were Dr. Hubert Prevost, Dr. Bryan McCann, Dr. Richard Michel, and Dr. Ward Hooter, II. Suit was filed in Avoyelles Parish in the Twelfth Judicial District Court. On December 11, 1987, Dr. Prevost filed an Exception of Improper Venue. This exception alleged that plaintiff’s petition was based on a separate and independent cause of action against Doctors McCann and Michel. Defendant alleged that the proper *407 venue against him was Rapides Parish. On December 21, 1987, Dr. Michel and Dr. McCann filed Exceptions of Prescription. On December 21, 1987, Dr. Hooter filed an Exception of Improper Venue, alleging that Rapides Parish was the place of proper venue.
A hearing was held on these exceptions on January 15, 1988. On January 29, 1988, the trial court sustained Dr. McCann’s and Dr. Michel’s Exceptions of Prescription and dismissed the suit at plaintiff’s costs. The trial court also sustained Dr. Hooter and Dr. Prevost’s Exceptions of Improper Venue and transferred the case to the Ninth Judicial District Court for further proceedings consistent with this ruling.
On June 2, 1988, Dr. Prevost filed an Exception of Prescription in the Ninth Judicial District Court. On June 8, 1988, Dr. Hooter filed an Exception of Prescription. On November 27, 1989, Dr. Hooter filed a motion for summary judgment alleging that the undisputed facts showed that plaintiff’s claim had prescribed on the face of her petition. A hearing was held on December 11, 1989. On that date the trial court signed a judgment sustaining Dr. Prevost’s Exception of Prescription, as well as maintaining Dr. Hooter’s Motion for Summary Judgment dismissing plaintiff’s suit at her costs.
On February 22, 1990, the plaintiff filed a Motion for an Appeal. The plaintiff moved for an “Interlocutory Appeal” from the judgment rendered dismissing Dr. Pre-vost and in prior judgments dismissing Doctors McCann, Michel, and Hooter. The order for appeal was signed February 23, 1990. On May 4, 1990, Dr. Prevost filed a Motion to Dismiss the appeal of the plaintiff alleging that the motion for appeal was filed more than sixty days after the expiration of the delays for applying for a new trial pursuant to La. C.C.P. art. 2087, therefore the appeal was untimely and should be dismissed. On May 23, 1990, this court issued a rule to show cause why the above captioned appeal should not be dismissed as untimely. On June 11, 1990, the plaintiff filed a brief in opposition to the motion to dismiss the appeal.
Although the plaintiff also sought to appeal the judgment of January 29,1988 rendered by the Twelfth Judicial District Court, dismissing plaintiff’s suit against Dr. McCann and Michel, this matter is not properly before this court. La. C.C.P. art. 2121 clearly states that the order of appeal shall be obtained from the court which rendered judgment. In the present case the Ninth Judicial District Court did not render the judgment of January 29, 1988. Therefore, the sole issue before this court is whether the appeal from the December 11, 1989 judgment was timely.
C.C.P. art. 2087 states as follows:
Art. 2087. Delay for taking devolutive appeal
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
B. When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
C. When one or more parties file post-judgment motions, the delay periods specified herein shall commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court.
*408 Amended by Acts 1962, No. 92, § 1; Acts 1976, No. 201, § 1; Acts 1977, No. 174, § 1, eff. Jan. 1,1978; Acts 1987, No. 695, § 1.
Pursuant to C.C.P. art. 2087(A) the appellant had sixty days from the expiration of the delay for applying for a new trial to perfect her appeal. In the present case, the appellant argues that she orally motioned for an order of appeal following the hearing on December 11, 1989.
A review of the transcript of that hearing reveals that the court stated that the plaintiff could apply for writs to the appellant court. Attorney for the plaintiff then stated “Okay. Well we will take writs then.” The plaintiff never filed a supervisory writ with this court. The plaintiff filed her motion for an appeal on February 22, 1990, over sixty days from the expiration of the delay for applying for a new trial. For these reasons, the appeal by Christina Prevot is hereby dismissed at her cost.
APPEAL DISMISSED.